IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **HARVEY L. TAYLOR,** | * |
| Plaintiff, | * |
| v. | Case No.: PWG-16-3787 |
| | * |
| **SHREEJI SWAMI, INC.,** *et al.*, | |
| | * |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

After being stuck in an elevator at Defendants' hotel in Kinston, North Carolina and experiencing a panic attack, Plaintiff Harvey L. Taylor filed suit in this Court against Defendants Shreeji Swami, Inc.; LRP Hotels of Kinston, LLC; Intercontinental Hotel Group Resources, Inc.; Holiday Franchising, LLC; and IHG Franchising, LLC,[1] alleging common law claims and statutory causes of action under state and federal law. Compl. 1, ¶¶ 21–24, ECF No. 1. Pending is Defendants' motion to dismiss for lack of venue, ECF No. 6.[2] Although I find that venue is proper, it appears that the Eastern District of North Carolina may be a more appropriate venue. Because I cannot make this determination on the record before me, I will permit the parties to submit relevant evidence before I decide whether to transfer this case.

---

[1] Taylor originally erroneously identified Intercontinental Hotel Group Resources, Inc. as "Intercontinental Hotels Group Resources, Inc. (aka IHG, INC.)" and Holiday Franchising, LLC as "Holiday Hospitality Franchising, Inc." I granted his motion to amend to correct the name. ECF Nos. 13, 15. The Clerk shall update the docket.

[2] The parties fully briefed this motion. ECF Nos. 6, 18, 21. A hearing is not necessary. *See* Loc. R. 105.6.

**Discussion**

Taylor alleges that venue is proper in Maryland under 28 U.S.C. § 1391 because he is a Maryland resident, "Defendants first solicited plaintiff[']s business at his Maryland residence," and he continues to suffer damages in Maryland from the incident. Compl. ¶ 2. In Defendants' view, these alleged events in Maryland do not give rise to venue. Defs.' Mem. 3. If venue is improper, Fed. R. Civ. P. 12(b)(3) provides a basis for dismissal. *See Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co.*, 958 F. Supp. 2d 609, 612 (D. Md. 2013). On a Rule 12(b)(3) motion to dismiss, to "determin[e] whether events . . . are sufficiently substantial to support venue under [§ 1391]," a court "should review 'the entire sequence of events underlying the claim'" instead of "focus[ing] only on those matters that are in dispute or that directly led to the filing of the action." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). The court may consider evidence outside the pleadings. *Am. Ins. Mktg. Corp.*, 958 F. Supp. 2d at 612; *see Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)). The court draws all reasonable inferences in the light most favorable to the plaintiff, who "need only make 'a *prima facie* showing of proper venue in order to survive a motion to dismiss'" when the court does not hold an evidentiary hearing. *Am. Ins. Mktg. Corp.*, 958 F. Supp. 2d at 612 (quoting *Aggarao v. MOL Ship Mgt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012)).

> Pursuant to 28 U.S.C. § 1391, a plaintiff may file suit in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Defendants contend that "Maryland is not the proper venue under § 1391(b)(1), as all defendants are not residents of the State in which the district is located"; nor is venue proper under § 1391(b)(2) because "all of the alleged tortious conduct (being stuck in the Hotel elevator) occurred in North Carolina." Defs.' Mem. 3. As noted, Taylor alleged jurisdiction under § 1391(b)(2), Compl. ¶ 2, but in opposing Defendants' motion, he argues that Defendants' waiver of the defense of personal jurisdiction gives rise to venue under § 1391(b)(1) as well, Pl.'s Opp'n 4. Defendants dismiss this argument, countering that, "[e]ven assuming, *arguendo*, that Defendant has waived any challenge to personal jurisdiction in this matter, that analysis is irrelevant to this Court's determination as to the appropriate venue in this case." Defs. Reply 5.

Taylor's argument for venue under § 1391(b)(1) has merit, which Defendants concede by failing to rebut it. *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to this argument, Plaintiff concedes the point."). Defendants, as "entit[ies] with the capacity to sue and be sued in [their] common name under applicable law," are "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). As Taylor notes, Pl.'s Opp'n 4, all Defendants failed to allege lack of personal jurisdiction when moving to dismiss for improper venue, thereby waiving that defense, Fed. R. Civ. P. 12(h)(1)(A). Consequently, they are subject to this Court's personal jurisdiction and all "deemed to reside" in this district. *See* 28 U.S.C. § 1391(c)(2); Fed. R. Civ. P. 12(h)(1)(A). In this analysis, "the venue inquiry . . . collapses into the question of whether there is personal jurisdiction over [Defendants]," and because this Court has personal jurisdiction over Defendants, venue is proper under § 1391(b)(1). *See World Missions Ministries, Inc. v. Gen. Steel Corp.*, No. RWT 06-13,

2006 WL 2161851, at *3 (D. Md. July 28, 2006) (noting that the parties' dispute about "whether 'a substantial part of the events or omissions giving rise to the claim occurred' in Maryland" was "unnecessary," because "there is venue under § 1391([b])(1)" by virtue of the defendants' waiver of the defense of lack of personal jurisdiction, and "§ 1391([b](1) is dispositive" (quoting § 1391(b)(2))).

In their Reply, Defendants argue for the first time that, if Plaintiffs' Complaint is not dismissed, it should be transferred to North Carolina under the doctrine of *forum non conveniens*.[3] Defs.' Reply 3. "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). But, given that Taylor raised the possibility of transfer as an alternative to dismissal, *see* Pl.'s Opp'n 5, such that the parties have notice of the possibility of transfer and have briefed the issue, and considering that "[i]t is well established that a federal district court has the power to make a *sua sponte* transfer of venue under 28 U.S.C. § 1404(a) to another district where the case could have been brought or to any district to which all parties have consented" when the parties have notice and have had "the opportunity to brief the issue," I will consider whether transfer is appropriate. *See ING Bank N.V. v. Temara*, No. JKB-15-1488, 2016 WL 67254, at *2 (D. Md. Jan. 5, 2016); *see also Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua

---

[3] A federal court may dismiss a case under the common-law doctrine of *forum non conveniens* when a foreign court has jurisdiction and the "oppressiveness and vexation to a defendant" outweighs the convenience to the plaintiff, but when the case is more conveniently tried in another U.S. district court, then the court transfers, rather than dismisses, the case under 28 U.S.C. § 1404(a), which codified the doctrine insofar as it applies to alternative domestic fora. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 429–30 (2007) (quoting *Am. Dredging Co. v. Miller,* 510 U.S. 443, 447–48 (1994) (citation omitted)).

sponte. If the matter is raised sua sponte, the parties deserve an opportunity to be heard before a decision is rendered."); Charles A. Wright, Arthur R. Miller, Edward H. Cooper, and Richard D. Freer, *Fed. Prac. & Proc.* § 3844 & n.2 (4th ed. 2013).

A district court may exercise its discretion to transfer a civil action to another district or division pursuant to 28 U.S.C. § 1404(a), which Congress enacted "to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Topiwala v. Wessell,* No. WDQ-11-543, 2012 WL 122411, at *6 & n. 21 (D. Md. Jan.12, 2012) (quoting *Dicken v. United States,* 862 F. Supp. 91, 92 (D. Md. 1994)); *see also In re Ralston Purina Co.,* 726 F.2d 1002, 1005 (4th Cir.1984). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

The Court's first consideration is "whether the action could have been brought in the transferee district." *Topiwala*, 2012 WL 122411, at *6. Here, it is undisputed that Taylor could have brought this action in North Carolina. Therefore, "the Court considers: (1) the weight accorded plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Topiwala*, 2012 WL 122411, at *6 (footnotes omitted). Other relevant considerations include (1) "availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses" and (2) "local interest in having localized controversies settled at home." *Laureate Educ., Inc. v. Megahed,* No. AW-10-749, 2010 WL 2651895, at *10 (D. Md. July 1, 2010) (quoting *Stratagene v. Parsons Behle & Latimer,* 315 F. Supp. 2d 765, 771 (D. Md. 2004)). The Court weighs these factors, considering the specific facts of the case to determine whether "the litigation would more

conveniently proceed and the interests of justice be better served by transfer to a different forum." *Topiwala,* 2012 WL 122411, at *6 (quoting *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 632 (E.D. Va. 2006)). The statute does not indicate how much weight the Court should give to each factor. *See Byerson*, 467 F.Supp.2d at 632; *Topiwala*, 2012 WL 122411, at *6 n. 22. The burden is on Defendants to demonstrate, "by a preponderance of the evidence, . . . that transfer to another forum is proper." *Tse v. Apple Computer,* No. BEL-05-2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006). A court typically should not transfer a case out of the plaintiff's choice of forum "[u]nless the balance of these factors 'is strongly in favor of the defendant.'" *Topiwala,* 2012 WL 122411, at *6 n.22 (quoting *Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citation omitted)) (footnote omitted).

> Taylor argues:
>
> [I]n light of the plaintiff's residence, age, deteriorating health, lack of financial and other resources, along with the ease of access to sources of proof, the local availability of the courts and medical information, availability of compulsory process for the attendance of unwilling witnesses, it is the Plaintiff and not the Defendants, that would be gravely inconvenienced by a transfer based on venue.

Pl.'s Opp'n 1–2. Defendants counter that "all of the alleged tortious conduct and conduct related to the breach of contract claim occurred in North Carolina," and therefore

> the relative ease of access to source of proofs, ease of obtaining attendance of witness, the possibility of view of the premises, the public interests in having a claim handled at its place of origin and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the case, all support venue being appropriate in North Carolina and not in Maryland District Courts.

Defs.' Reply 3–4.

Although plaintiff's choice of venue typically "is entitled to substantial weight," that is not the case when "the chosen forum has little or no connection to the events giving rise to the litigation." *Holland v. Psychological Assessment Res., Inc.*, No. CCB-04-437, 2004 WL 964201,

at *4 (D. Md. Apr. 27, 2004). Here, Maryland's alleged attenuated connections consist of Defendants' advertising by internet, which Taylor viewed on his home computer, and Taylor continuing to experience injury after returning home to Maryland following the incident. Thus, Maryland has little, if any, connection to the elevator malfunction that gave rise to Taylor's suit, and his choice of forum "is entitled to some deference, but it is limited, particularly to the extent that the remaining factors tend to support transfer." *See Dicken v. United States*, 862 F. Supp. 91, 93 (D. Md. 1994) (noting that venue was proper in Maryland under 28 U.S.C. § 1402(b) because the Maryland plaintiff sued the federal government for the tortious injury she suffered, but transferring case to the District of Kansas under § 1404(b) because, *inter alia*, "nothing other than plaintiff's convalescence took place in Maryland"); *Holland*, 2004 WL 964201, at *4.

Moreover, as Defendants note, witnesses likely are in North Carolina, where the incident happened; Plaintiff does not identify any witnesses in Maryland. This factor also favors transfer. *See Dicken*, 862 F. Supp. at 93 (finding that witness convenience and access favored transfer because the plaintiff did not identify any "witnesses other than herself . . . and her treating doctor," whereas the government identified five witnesses in Kansas" and, "as witnesses to the fall, their testimony [was] central to the claim and their credibility likely to be an important issue").

With regard to the parties' convenience, while Taylor asserts that Defendants could bring its witnesses here by compulsory process, this is not the case for non-party witnesses who neither live nor work within 100 miles of the forum. *See* Fed. R. Civ. P. 45(c)(1)(A). I note that Kinston, North Carolina is over 300 miles from the United States District Court for the District of Maryland. *See* Fed. R. Evid. 201(b)(2) (allowing the Court to take judicial notice of facts, such as geographic distance, that "can be accurately and readily determined by sources whose

7

accuracy cannot reasonably be questioned"). And, as in *Dicken*, 862 F. Supp. at 93, "unless and until Plaintiff establishes otherwise, the only Maryland-based witnesses who might have to travel to [North Carolina] are [Plaintiff] and [perhaps, his] doctor—and the doctor's testimony could easily be presented at trial by means of a videotaped deposition taken in Maryland."

North Carolina, where their hotel is located, clearly is more convenient for Defendants, while Maryland, Plaintiff's home state, clearly is more convenient for Plaintiff, especially given his assertion that he suffers from "deteriorating health" and "lack of financial and other resources." Pl.'s Opp'n 1–2. I note, however, that this litigation arises from Taylor's 2014 visit to and hotel stay in North Carolina, suggesting that, at least as of a few years ago, he had the means to make such a trip possible. *See Dicken*, 862 F. Supp. at 93 (noting that "[q]uite obviously [plaintiff] was able to travel to the District of Kansas in the first place, viz., when the alleged injury occurred"). Yet, I am concerned about the possibility that transfer would preclude Taylor from pursuing his case at all, based on his health and/or finances, such that the balancing of the factors would not favor Defendants, as it otherwise does. *See Quinn v. Bowmar Pub. Co.*, 445 F. Supp. 780, 787–88 (D. Md. 1978) ("[I]t is clear from the plaintiff's affidavit that he cannot afford to bring any suit in California. On balance, the plaintiff would be just as inconvenienced by transfer to California as the defendants are inconvenienced by trial in Maryland. Equal inconvenience does not sustain the movant's burden of proof."); *see also Bacon v. John Hancock Mut. Life Ins. Co.*, 317 F. Supp. 302, 304 (D. Md. 1970) (requiring "defendant, in fairness, . . . if it desire[d] th[e] case to be transferred, agree to reimburse plaintiff for those additional expenses [of travel and lodging], regardless of the outcome of th[e] suit"); *John W. Johnson, Inc. v. Atl. States Const. Co.*, 276 F. Supp. 379, 383 (D. Md. 1967) (imposing same requirement).

As for the interest of justice, this category "includes, among others, two factors favoring to transfer in the present case: 'the court's familiarity with applicable law' and 'access to premises that might have to be viewed.'" *Id.* (quoting *Bd. v. Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988)). This case concerns an alleged injury that occurred on premises in North Carolina, and the parties agree that North Carolina law governs. *See* Pl.'s Opp'n 5; Defs.' Reply 4. This factor favors transfer. *See Dicken*, 862 F. Supp. at 94–95 (concluding that, [a]ll factors considered, . . . transfer from the District of Maryland to the District of Kansas is warranted"; noting that "*Chedid v. Boardwalk Regency Corp.,* 756 F. Supp. 941[, 945] (E.D. Va. 1991), catalogues several other cases which were transferred from plaintiff's home state to a district in a state where the accident occurred, where most witnesses lived, and whose substantive law controlled").

Weighing these factors and considering that it was Taylor's visit to North Carolina that led to this litigation, while Defendants' activities in this state do not extend beyond internet advertising, I am inclined to transfer, but hesitant that Taylor would not be able to pursue his case in North Carolina. Accordingly, I will permit Taylor to submit evidence, in the form of a sworn affidavit, pertaining to (1) his ability to travel and (2) his lack of financial resources to proceed in North Carolina. I also will permit Defendants to submit evidence in response to Plaintiff's supplemental filings. After the parties have had the opportunity to support their positions as allowed in this Order, I will reconsider whether transfer is appropriate.

**ORDER**

For the reasons stated above, it is, this 8th day of May, 2017, hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 6, IS DENIED;

2. Plaintiff may submit evidence pertaining to (1) his ability to travel and (2) his lack of financial resources to proceed in North Carolina on or before May 22, 2017;

3. Defendants may submit evidence in response to Plaintiff's supplemental filings on or before June 5, 2017; and

4. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Plaintiff.

                                                                      /S/
                                                  Paul W. Grimm
                                                  United States District Judge